Bruce E. BRIDGEWATER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1–682A147.

Court of Appeals of Indiana,
First District.

Oct. 28, 1982.

Rehearing Denied Dec. 6, 1982.

Eric T. Dean, Jr., Crawfordsville, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Bruce E. Bridgewater (Bridgewater) appeals his convictions of attempted escape, resisting law enforcement, and public intoxication.

We affirm.

The record reveals that Bridgewater had been drinking with some friends at two establishments in Crawfordsville. He admitted to consuming a combination of fourteen drinks of tequila and beer. Bridgewater, who claimed to be excessively tired, wandered to the Elston Bank parking lot and entered the hatchback of an automobile, which he thought belonged to his friends. He was mistaken and was found asleep in Lisa Gegner's automobile. She summoned the police, who, after calling to wake Bridgewater, reached into the vehicle and shook him until he awoke.

The officers testified that Bridgewater smelled of alcohol and had trouble standing still. The police transported him to the Montgomery County Jail. Bridgewater insisted upon taking a breathalyzer test which indicated a .123% alcohol level in his blood. (This score exceeds the .10% blood level needed for a conviction under Ind. Code 9–4–1–54.) Upon hearing his test results, Bridgewater conceded to being drunk.

Bridgewater was then returned to the drunk tank.

While in the drunk tank, Bridgewater repeatly yelled and requested to use the bathroom until the jailer escorted him to the bathroom, where he left Bridgewater alone momentarily. The jailer returned and began searching for Bridgewater, who had left the bathroom. Bridgewater was discovered in a closet almost eighty feet away from the bathroom. The closet door was pulled closed, but not latched. The jailer and an officer led Bridgewater down the hall. Bridgewater broke away, but was tackled by the officer and put in a restraining hold. As he was led farther down the hall, Bridgewater fell to the floor. He then raised his left arm as if to strike the officer.

█ The first two issues Bridgewater raises challenge the sufficiency of the evidence. When reviewing the sufficiency of the evidence, we consider the evidence most favorable to the verdict along with all reasonable inferences which may be drawn from that evidence. If there is substantial evidence of probative value to support each element of the offense, the judgment will be affirmed. *McCormick v. State,* (1978) Ind.App., 382 N.E.2d 172. Upon review, this court neither weighs the evidence nor judges the credibility of witnesses. *Scott v. State,* (1980) Ind.App., 404 N.E.2d 1190.

Bridgewater argues the conviction of attempted escape must be reversed because there is no evidence demonstrating his intent to escape and no evidence to show that he tried to escape from the jailhouse. Bridgewater alleges that he was tired and that the drunk tank was cold. He claims that he was disorientated and went into the closet to sleep because it was warm.

█ The evidence discloses that Bridgewater left the bathroom, he walked approximately eighty feet from the bathroom, proceeded in the opposite direction from the drunk tank, hid in a closet, and upon being apprehended, he broke away from the officers and ran until they caught him. The trier of fact could have reasonably inferred that Bridgewater was hiding in the closet

until the appropriate opportunity to escape arose.

■ Bridgewater also contends the evidence does not support his conviction of resisting law enforcement. Bridgewater asserts that he has chronic shoulder dislocation problems and that the officers dislocated his shoulder. He argues that he was merely defending himself. The evidence most favorable to the State is that the officers were leading Bridgewater back to the drunk tank when he dropped his legs and fell to the floor. He raised his hand as if to strike the officer and was restrained. He was also kicking so hard, he kicked off one of his shoes during the struggle. Bridgewater's appeal of this issue is simply an invitation to reweigh the evidence. Our standard of review precludes this. *See, Scott v. State, supra.*

■ Bridgewater argues the conviction for public intoxication must be reversed. The offense of public intoxication is contained in Ind.Code 7.1–5–1–3 which provides:

It is a class B misdemeanor for a person to be in a public place or a place of public resort in a state of intoxication.

Bridgewater contends that since he was apprehended in the Elston Bank parking lot, which was privately owned, he was outside the parameters of the statute.

Bridgewater claims that *Cornell v. State,* (1980) Ind.App., 398 N.E.2d 1333 is controlling. This case held that a person sitting in a motor vehicle which was parked in a private lane twenty to thirty feet from a public roadway was not a "public place or a place of public resort." While we agree with the *Cornell* opinion, we do not believe it is controlling.

In *Heichelbech v. State,* (1972) 258 Ind. 334, 281 N.E.2d 102, our supreme court held that a person who was apprehended at service station was in a "public place or a place of public resort" because he was apprehended at a business establishment open to the public. In the present case, the evidence established that the parking lot was used primarily by bank employees, but

that the bank leased the open spaces to the public. Bridgewater argues that since the bank had rented all of the open spaces and would tow unauthorized vehicles, he was not in a public place.

The trial court did not err by convicting Bridgewater of IC 7.1–5–1–3. The bank was open to members of the public and its lot spaces were available for lease. Moreover, there was evidence presented that the lot was commonly used as a public lot at night with the bank's acquiesence.

■ The final issue Bridgewater alleges is whether the trial court erred in refusing to allow a witness to testify. No offer to prove was made as to what the witness would testify to were he permitted to answer. An offer to prove must be made in order to preserve an objection to the exclusion of evidence for review; otherwise neither this court nor the trial court can determine its admissibility. *Strickland v. State,* (1977) 265 Ind. 664, 359 N.E.2d 244.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.