**Derrick Allen LOTT, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1283S456.**

Supreme Court of Indiana.

Dec. 4, 1985.

Thomas Z. Lewis, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Following a jury trial, appellant was convicted of Robbery, a Class B felony. He was sentenced to sixteen (16) years imprisonment.

The facts are: At approximately 3:00 a.m. on April 6, 1983, Michael Robinson was driving his pickup truck in the vicinity of 6th and Adams in Gary, Indiana, when he observed a man motioning for him to stop. Believing the man might be a friend, Robinson pulled over and rolled down his window. The man pointed a gun at him and climbed into the vehicle on the passenger side. His accomplice, appellant, then got into the truck and sat behind the wheel.

Appellant drove the truck away at a high rate of speed. While his accomplice pointed the gun at Robinson's head, appellant took Robinson's wallet and wristwatch. Appellant eventually stopped the truck in a wooded area, where he and his accomplice stated several times that they were going to kill Robinson. They both put on white gloves and proceeded to wipe their fingerprints off the truck.

Moments later Robinson told them he had more money at home and requested they take him to his residence. They left the wooded area and drove toward Robinson's home. Robinson spotted a police car, at which point he grabbed the steering wheel, put his foot on the brake and began yelling to gain the attention of the police officers. As the truck came to a halt, Officers Simson Joshua and Chester Lockett of the Gary Police Department pulled up behind it. Appellant's accomplice immediately jumped out of the truck and fled on foot. Appellant, after briefly struggling with Robinson, also attempted to flee.

Officer Lockett apprehended appellant, while Officer Joshua followed the other suspect but was unable to catch him. As Joshua returned to the truck he, as well as Robinson, observed appellant drop a white glove and Robinson's wallet.

Appellant claims the evidence is insufficient to support the verdict rendered by the jury. He argues the prosecution failed to prove all the elements of the crime in that there was no evidence that he had a weapon or that the money seized from him when he was arrested actually belonged to the victim. He further argues the only direct evidence of guilt is the testimony of the victim.

This Court will neither reweigh evidence nor judge the credibility of witnesses. *Rhinehardt v. State* (1985), Ind., 477 N.E.2d 89.

Uncorroborated testimony of a victim is sufficient to sustain a robbery conviction. *Williams v. State* (1981), 275 Ind. 603, 419 N.E.2d 134. Robinson testified that appellant took his wallet and wristwatch from his person and that appellant's accomplice pointed a gun at him and continued to do so during the course of the robbery. He further testified that both

men made verbal threats indicating that they intended to kill him.

■ Appellant's arguments that he did not have a deadly weapon and that no deadly weapon was found are unavailing. It is not necessary for the prosecution to prove that a defendant committed each and every act in the perpetration of a robbery once it is established that he acted in concert with another participant. *Stroud v. State* (1983), Ind., 450 N.E.2d 992; *Baker v. State* (1980), 273 Ind. 64, 402 N.E.2d 951. The aforementioned evidence was sufficient to permit the jury to find the existence of each element of the offense beyond a reasonable doubt.

Appellant contends the trial court erred in admitting into evidence State's Exhibit No. 1, a white glove. In arguing that the exhibit was irrelevant and prejudicial, he asserts there was no evidence to establish a link between the exhibit and the alleged crime.

A trial court is accorded wide latitude in ruling on the relevance of evidence. *Buck v. State* (1983), Ind., 453 N.E.2d 993. "Evidence having some tendency to prove a material fact is relevant." *Turpin v. State* (1980), 272 Ind. 629, 633, 400 N.E.2d 1119, 1122. The exhibit was linked to the crime and to appellant by the testimony of Robinson and Officer Joshua as stated above.

■ Appellant's corollary argument that the exhibit only inconclusively links him to the robbery goes to the weight rather than the admissibility of the evidence. *Buck, supra; Johnson v. State* (1980), 272 Ind. 547, 400 N.E.2d 132. If an item of evidence tends to prove a certain fact, even though slightly, it is proper for the trier of fact to weigh that evidence in making its determination. *Williamson v. State* (1982), Ind., 436 N.E.2d 90. We find no abuse of the trial court's discretion in admitting the controverted exhibit.

The trial court is in all things affirmed.

All Justices concur.