**James R. PERRY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 485S139.**

Supreme Court of Indiana.

Dec. 12, 1986.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. and Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Rape While Armed with a Deadly Weapon, a Class A felony. The court sentenced appellant to thirty (30) years imprisonment.

The facts are: The victim was standing outside her home in Fort Wayne, Indiana, on the evening of August 14, 1984, when appellant, who was acquainted with the victim, drove up in his automobile. When appellant's automobile would not start, the victim suggested that they walk to the Blue Moon Lounge to "get a beer". While at the Blue Moon Lounge, the victim's acquaintance, Chris, asked if they would accompany her to purchase a bag of marijuana. They obliged. During the course of the evening, the victim and appellant ran several errands which included the purchase of a bottle of Richard's Wild Irish Rose, a six-pack of beer and a bottle of gin.

Around 10:00 p.m., they arrived at a residence, later shown to be appellant's cousin's home, and parked the automobile in a nearby alley. The victim climbed out and started to run down the alley. Appellant pursued her, grabbed her and placed a gun to her temple. Appellant then dragged her into the house at gunpoint, forced her to

undress and engage in both oral sex and sexual intercourse. Shortly thereafter, appellant fell asleep. The victim waited until she was confident that appellant·was sleeping soundly before she slipped out of bed, grabbed her panties and bolted for the door. The victim, clothed only in her panties, ran down the street looking for a lighted home. She approached Virginia Correll's home, knocked on the door and begged for assistance. The Corrells admitted her into their home and promptly notified the police.

The Fort Wayne Police arrived and accompanied the victim to appellant's residence where they found appellant lying naked on the bed. The victim identified appellant as the perpetrator of the rape. The police wakened appellant and allowed him to dress while they searched for the handgun used during the crime. The police recovered a Brevettata tear gas pistol from between the mattresses on the bed. Appellant was then transported to the police station.

Appellant contends the trial court erred by denying his pretrial motion to suppress and admitting State's Exhibit No. 5, a Brevettata tear gas pistol, into evidence.

■ The record demonstrates that appellant failed to object to the presentation of State's Exhibit No. 5 at trial. An alleged error in overruling a pretrial motion to suppress is not preserved for appellate review unless a proper objection is made when the evidence is later offered at trial. *Tabor v. State* (1984), Ind., 461 N.E.2d 118. Therefore, the issue is deemed waived.

■ Moreover, appellant's argument is without merit. Appellant maintains the Fort Wayne Police Officers illegally and improperly arrested him and seized the handgun. He argues that exigent circumstances did not exist to make it impracticable to obtain a warrant. The record demonstrates that appellant was arrested and the handgun seized in the residence of his cousin. A defendant does not have the constitutional right to challenge the entry and search of another person's premises.

*Burris v. State* (1984), Ind., 465 N.E.2d 171. The trial court did not err by admitting State's Exhibit No. 5 into evidence.

Appellant next contends there was insufficient evidence to establish that the Brevettata tear gas pistol constituted a deadly weapon to elevate his offense to a Class A felony under Ind. Code § 35–42–4–1.

In addressing the issue of sufficiency of the evidence, this Court will not weigh conflicting evidence or judge the credibility of witnesses. *Eagan v. State* (1985), Ind., 480 N.E.2d 946.

■ A deadly weapon is defined in Ind. Code § 35–41–1–8 as:

"(1) a loaded or unloaded firearm; or (2) a weapon, device, laser or electronic stun weapon, equipment, chemical substance, or other material that in the manner it is used, or could ordinarily be used, or is intended to be used, is readily capable of causing serious bodily injury."

When different conclusions can be reached as to whether a particular weapon is "deadly", it is a question of fact for the jury to determine from a description of the weapon, the manner of its use and the circumstances of the case. *Clark v. State* (1986), Ind., 498 N.E.2d 918.

■ We conclude that the evidence was clearly sufficient for the jury to determine appellant was armed with a deadly weapon.

Appellant finally contends there was insufficient evidence to establish the victim's lack of consent. We will not weigh conflicting evidence or judge the credibility of witnesses. *Eagan, supra.*

The evidence demonstrated that appellant forced the victim into the house at gunpoint and then forced her to commit various sexual acts. She testified that she feared for her life and prayed for survival and escape. Moreover, she fled from the residence to notify the police clothed only in her panties.

■ We conclude that the evidence was clearly sufficient for the jury to determine

that the sexual acts occurred against the will and consent of the victim.

The trial court is in all things affirmed.

All Justices concur.