**Rick D. KIGER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 23S01–8905–PC–375.

Supreme Court of Indiana.

May 5, 1989.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

## CRIMINAL PETITION FOR TRANSFER

SHEPARD, Chief Justice.

The question is whether one who has unsuccessfully appealed his conviction on the basis of sufficiency of the evidence may seek a second review of the same question through post-conviction relief. We hold that such a petition is barred by *res judicata.*

In 1979, Rick K. Kiger was convicted of conspiracy to commit battery with a deadly weapon, a class C felony, Ind.Code §§ 35–41–5–2, 35–42–2–1 (Burns 1979 Repl.), and sentenced to five years in prison. Kiger appealed his conviction, arguing sufficiency of the evidence. His conviction was affirmed by the Court of Appeals. *Kiger v. State,* No. 1–679–A–188 (Ind.App. Dec. 12, 1979).

In 1986, Kiger filed a petition for post-conviction relief seeking to set aside his prior conviction on grounds of insufficient evidence. He relied on this Court's decision that the evidence in the separate trial of his co-conspirator was insufficient to establish conspiracy. *Woods v. State* (1980), 274 Ind. 624, 413 N.E.2d 572. Kiger has argued that *Woods* stated a new rule of law, namely that an agreement to commit an offense may be inferred but not merely from completion of an overt act.

The Court of Appeals reversed the trial court's denial of Kiger's petition for post-conviction relief. It rejected his argument that *Woods* stated new law, concluding that the requirement that an agreement be proved by direct evidence or inference is a long-established rule. *Mattingly v. State* (1957), 237 Ind. 326, 145 N.E.2d 650.

The Court of Appeals reviewed the evidence at both trials. Delilah Rusk testified at both trials that she joined David Woods and Kenny, Larry, and Rick Kiger on a venture to a pool hall seeking revenge for an earlier altercation at a skating rink in which Kenny had been struck.

It was clear in both trials that revenge was intended. "Well, let's go down and get 'em," Rick Kiger had said. The dispute has been over whether there was a prior agreement to use weapons to even the odds in the face of superior manpower. Clearly, weapons were in fact used.

In Woods' trial, Delilah Rusk testified that Woods and the Kigers pulled weapons from under the seats of the car before going after their targets. She testified that during the discussion about being outnumbered, Rick Kiger had said that they would go to a nearby town "and get enough to take care of them." She said there had not been any earlier discussion or weapons and she had not seen any until Woods and Rick and Kenny Kiger actually left the vehicle for the fight. This Court held that there was an absence of evidence concerning an agreement to use deadly weapons.

In Rick Kiger's trial, by contrast, Delilah Rusk testified that there had been discussion about being outnumbered "and they said, well, we got some stuff to take care of them." Rusk could not identify which of the participants had made the statement, but the "stuff" turned out to be a club, a pipe, and a chain with a handle.

The Court of Appeals concluded that the evidence in Kiger's trial was not qualitatively different and vacated Kiger's conviction on grounds of insufficient evidence.

It seems to us that the testimony is qualitatively different, but the issue of sufficiency of the evidence in Kiger's trial has already been litigated. The decision was adverse to Kiger. He may not relitigate it through post-conviction procedures. *Cambridge v. State* (1984), Ind., 468 N.E.2d 1047; *Adams v. State* (1982), Ind., 430 N.E.2d 771.

The State's petition to transfer is granted. We affirm the judgment of the trial court.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case.

The majority is correct in its observation concerning the conspiracy statute, Ind. Code § 35–41–5–2, which states that it is no defense that a co-conspirator has been acquitted. While such a statement in a statute might be upheld in a specific factual situation, the facts in the case at bar appear to present a fundamental error as outlined by Judge Robertson in his unpublished opinion.

In the case of *Berry v. State* (1930), 202 Ind. 294, 305, 173 N.E. 705, 706, Judge Willoughby discussed this precise situation and held that the conviction of one co-conspirator should not be allowed to stand after the acquittal of his co-conspirator. To do so would result in a "repugnancy upon the record." Although Judge Willoughby's statement in *Berry* is *dictum*, he cites three old English cases to support his position.

Judge Robertson does not cite *Berry* nor does he cite the old English cases cited therein, but his result tracks that proposition of law. Although I wrote a dissenting opinion in *Woods v. State* (1980), 274 Ind. 624, 413 N.E.2d 572, in which Judge Prentice reversed Woods' conviction, the reversal nevertheless stands for the proposition that the evidence in the case, as to both Woods and Kiger, was insufficient to support a conspiracy.

I therefore feel that Judge Robertson's decision reaches the right conclusion and transfer should not be granted in this case.