Terry D. KELLEY, Defendant/Appellant,

v.

STATE of Indiana, Plaintiff/Appellee.

No. 82A04–8912–CR–594 [1].

Court of Appeals of Indiana, Fifth District.

Feb. 14, 1991.

---

Keating & Bumb, Evansville, for defendant/appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff/appellee.

## DECISION

BARTEAU, Judge.

Terry D. Kelley appeals his conviction in a bench trial of two (2) Counts of Child Molesting (Class C Felonies) and his sentence of five (5) years of imprisonment on each Count. Kelley raises three (3) issues on appeal:

1. Was it error to exclude testimony of a witness as to the victim's truth and veracity;

2. Was it error to prohibit Kelley from presenting testimony of prior false reports of sexual molestation made by the victim; and

3. Was it fundamental error to permit an expert witness called by the State to testify as to her opinion of the victim's credibility.

We affirm.

The evidence most favorable to the judgment indicates that the victim was Kelley's stepdaughter, born on June 26, 1972. When the victim was approximately fourteen (14) years old, Kelley began to engage her in sexual activities. He first kissed her on the mouth and chest and touched her vagina with his mouth and hands. Ultimately, Kelley had sexual intercourse with

the victim fifteen (15) to eighteen (18) times. After an incident of intercourse on January 2 or 3, 1988, the victim told her school counsellor what was happening.

## I.

### *Reputation Testimony*

The first issue is whether the trial court erred in sustaining the State's objection to the following questions asked by Kelley of one of his witnesses:

Q. On the basis of your acquaintance with them and your knowledge of their activities, what is their reputation for truth and veracity in the neighborhood?

BY MR. JOHNSON: Objection, Your Honor. The counsel is not laying a proper foundation. He's referring to the entire family, people who haven't even testified yet, referring to Terry, referring to the wife Edna.

BY MR. ROBERTS: Alright, let's withdraw that one.

Q. What is your opinion as to the truth and veracity of Karen?

BY MR. JOHNSON: Objection again, Your Honor. He still has failed to lay the proper foundation to ask the question concerning a witness' general reputation for truth or veracity.

BY THE COURT: I'll sustain the objection. A foundation will need to be laid.

[R. p. 88–89]

Here the trial judge sustained the objection to the proffered testimony on the basis that a foundation would need to be laid.

Kelley did not then or at any other time attempt to lay a foundation nor did he provide to the Court an offer to prove.

In order to preserve an objection to the exclusion of such testimony for review, an offer to prove must be made. Otherwise, neither the Court of Appeals nor the trial court can determine the admissibility. *Bridgewater v. State* (1982), Ind.App., 441 N.E.2d 688, 690. *Carpenter v. State* (1988), Ind., 523 N.E.2d 407, 408. Absent an offer to prove, an error in sustaining the objection to the question is not preserved for appeal. *Moritz v. State* (1984), Ind.

App., 465 N.E.2d 748, 755. Because Kelley made no offer to prove, any error in the ruling by the trial judge on the admissibility of the question has been waived.

## II.

### *Credibility*

▉ The second allegation of error relates to the court's prohibition of testimony about prior false representations of sexual molestation made by the victim.

Kelley asked the victim's mother, who was called to testify by the defense, "Do you recall an incident when the victim was thirteen and accused her school teacher of molesting her?" The State's objection was sustained after argument. Evidence of false allegations of similar sexual misconduct is admissible on the subject of the victim's credibility so long as the allegations are demonstrably false. *Little v. State* (1980), Ind.App., 413 N.E.2d 639, 643. Potential evidence of false accusation of sexual molestation is not excluded by the Rape Shield Law [2], as this type of evidence goes to the victim's credibility, not her history of sexual conduct.

In this case, Kelley's counsel, after having referred to the victim's past allegation of sexual molestation, was asked by the court:

Do you have any evidence in regard to an admission by the victim in this alleged prior occurrence that that was false, or had there been a trial where this person was charged and found not guilty?

[R. p. 99]

Kelley's counsel answered "No." Therefore the trial court properly excluded the evidence.

Furthermore, Kelley failed to make an offer to prove after the court excluded the testimony, thereby failing to preserve any error for appeal. This issue is waived. *Moritz v. State, supra.*

## III.

▉ During the State's direct examination of its witness, Therapist Reising–Kapp, regarding the victim's truthfulness, the State asked:

In real certain terms do you believe she's telling the truth?

Reising–Kapp answered:

Yes, I do.

Kelley neither objected to this testimony nor moved to strike it. Yet, Kelley now claims fundamental error occurred, arguing that the witness's opinion as to the truthfulness of the victim invaded the province of the jury.

Challenges to the introduction of evidence must be raised at trial to be considered on appeal. This rule applies even though the error assigned has constitutional proportions. *Bennett v. State* (1976), 168 Ind.App. 680, 681, 345 N.E.2d 254, 255. Errors raised on appeal for the first time will not be considered unless they constitute fundamental error. *Borkholder v. State* (1989), Ind.App., 544 N.E.2d 571, 574. Fundamental error is that error which so inundates the trial as to remove its essential cloak of fairness. *Winston v. State* (1975), 165 Ind.App. 369, 375, 332 N.E.2d 229, 233. Fundamental error, if not corrected, would deny a defendant fundamental due process. *Lewis v. State* (1987), Ind., 511 N.E.2d 1054, 1057.

The testimony of the witness, Reising–Kapp, regarding her opinion of the truthfulness of the victim does not rise to the level where it would affect the fairness or integrity of the judicial proceedings or deny Kelley due process. It is therefore not fundamental error.

Our Supreme Court has reversed a child molesting conviction because an expert witness was allowed to imply the victim told the truth, thus invading the province of the jury. *Head v. State* (1988), Ind., 519 N.E.2d 151. However, that case is clearly distinguishable. In *Head*, there were repeated objections to the proffered testimony. Here, Kelley neither objected prior to

---

**2.** Ind.Code 35–1–32.5–1 to –4. The statutes provide that evidence of victim's past sexual conduct is not admissible except with regard to prior acts with the defendant or to show that someone else committed the act charged.

the admission of the testimony nor moved to strike subsequent to its admission. Because the admitted testimony is not fundamental error, and Kelley has not preserved any error, this issue is waived. The trial court judgment is affirmed.

AFFIRMED.

CONOVER and GARRARD, JJ., concur.