James **PERRY**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A04–9210–PC–371.

Court of Appeals of Indiana, Fourth District.

Oct. 26, 1993.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

CHEZEM, Judge.

## Case Summary

Appellant-defendant, James Perry ("Perry"), appeals the trial court's denial of his petition for post-conviction relief. We affirm.

## Issues

Perry presents four issues for our review, which we restate as follows:

I. whether statements in the victim's testimony denied him a fair trial;

II. whether he was denied the effective assistance of counsel at trial;

III. whether he is entitled to a new trial because of newly discovered evidence; and

IV. whether the evidence is sufficient to support the judgment.

## Facts and Procedural History

On August 17, 1984, Perry was charged by information with Rape While Armed with a Deadly Weapon[1], a class A felony, and Confinement While Armed with a Deadly Weapon[2], a class B felony. On November 3, 1984, a jury acquitted Perry of the confinement charge but found him guilty of rape. On November 29, 1984, the trial court sentenced Perry to thirty years imprisonment. Perry's conviction was affirmed on direct appeal by the Indiana Supreme Court on December 12, 1986, in *Perry v. State* (1986), Ind., 500 N.E.2d 1205.

On August 19, 1987, Perry filed a *pro se* petition for post-conviction relief. The State Public Defender entered an appearance on behalf of Perry, and twice amended the petition. A hearing on the amended petition was had on May 7, 1992. The post-conviction court denied Perry's petition on July 16, 1992.

Jane Ruemmele, Rimstidt Yackey & Ladd, Indianapolis, for appellant-defendant.

1. IC 35–42–4–1.

2. IC 35–42–3–3.

## Discussion and Decision

Perry, as petitioner at the post-conviction hearing, had the burden of proving that he was entitled to relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1, § 5; *Jones v. State* (1989), Ind., 544 N.E.2d 492. On appeal, this court will not set aside the denial of a post-conviction petition unless the evidence is without conflict and leads unerringly to a result different from that reached by the post-conviction court. *Id.; Propes v. State* (1990), Ind., 550 N.E.2d 755.

### I. Denial of Fair Trial

Perry argues that the trial court erred by failing to declare a mistrial during the State's direct examination of the victim. At trial, when asked by the prosecutor what happened after Perry had raped her, the victim testified, "[Perry] says to me ... don't tell ... he says he don't want to end up like his nephew, Calvin." Perry's trial counsel immediately moved for an admonishment and a mistrial. The trial court denied the motion for a mistrial, whereupon Perry's counsel withdrew his request for an admonishment. When the prosecutor continued questioning the victim, she again stated Perry said, "he don't want to end up like Calvin." Perry's counsel made no objection to this second reference.

Perry alleged in his post-conviction relief petition that his trial counsel was ineffective for failing to file a motion in limine to prevent any references to Perry's nephew, Calvin [3]. Now, on appeal from the denial of that petition, Perry also asserts that the trial court erred by failing to declare a mistrial after the victim's references to Perry's nephew. Failure to raise an alleged error in the petition for post-conviction relief waives the right to raise that issue on appeal. Ind.Post–Conviction Rule 1, § 8; *Love v. State* (1987), Ind.App., 514 N.E.2d 339, *reh'g denied, trans. denied.* Perry cannot present an allegation of error to this court that he did not present to the post-conviction court.

## II. Effective Assistance of Counsel

Perry advances three reasons why his trial counsel's performance was so deficient as to deprive him of his Sixth Amendment right to the effective assistance of counsel. Perry argues that his trial counsel failed to file a motion in limine to prevent any references to Perry's nephew Calvin, that his counsel failed to discover the victim's past theft conviction, and that his counsel failed to investigate and discover two police reports regarding past complaints made by the victim.

To prevail on a claim of ineffective assistance of counsel, the petitioner must prove both that counsel's performance fell below an objective standard of reasonableness under current professional norms and that counsel's substandard performance was so prejudicial that he was denied a fair trial. *McChristion v. State* (1987), Ind., 511 N.E.2d 297. A deficient showing on either count is fatal to the petitioner's claim. *Robinson v. State* (1986), Ind., 493 N.E.2d 765. A fair trial is denied where the conviction or sentence resulted from a breakdown in the adversarial system which in turn renders the result unreliable. *Siglar v. State* (1989), Ind., 541 N.E.2d 944. A trial result is unreliable when, but for counsel's errors, the outcome probably would have been different. *Best v. State* (1991), Ind., 566 N.E.2d 1027.

### A. Motion in Limine

At trial, the victim twice made references to Perry's nephew, Calvin. Perry argues that his trial counsel was ineffective for failing to file a motion in limine to prevent any references to Calvin during trial.

We fail to see how, but for the victim's statements mentioning Calvin, the result at trial would have been different. There is no evidence that any of the jurors

---

3. An exhibit attached to Perry's petition for post-conviction relief shows that approximately ten months before Perry's trial, his nephew, Calvin Perry, had hung himself in jail after being arrested for allegedly murdering a local newspaper reporter and his family.

knew that Perry's nephew was the person who had hung himself in jail after allegedly killing a local family. No evidence of Calvin's alleged crimes was introduced at Perry's trial, nor was his last name ever mentioned. It is only when the evidence is without conflict and leads to a conclusion other than that reached by the jury that the verdict is contrary to law. *Bowens v. State* (1952), 231 Ind. 559, 109 N.E.2d 91. The evidence is not such that we can say the verdict was based on passion, prejudice or other improper influence. Perry's trial counsel was not ineffective for failing to prevent the introduction of evidence that had no effect on the trial's outcome.

### B. Failure to Discover Victim's Prior Theft Conviction

█ Perry argues that his trial counsel was ineffective by failing to discover that the victim had been convicted of theft in 1974. We disagree.

Perry correctly notes that this evidence would have been admissible at his trial to impeach the victim's credibility. *Fassoth v. State* (1988), Ind., 525 N.E.2d 318 (theft conviction is available for use in impeachment, as crime involves dishonesty or bad faith). However, he fails to show how the result of his trial would have been different had the victim's theft conviction been discovered. Perry presented no evidence to the post-conviction court that the victim's theft conviction arose from a factual situation which would indicate the victim's lack of veracity. *See Fletcher v. State* (1976), 264 Ind. 132, 136, 340 N.E.2d 771, 774 (while all prior theft convictions are admissible, not all acts of theft directly correlate with the propensity of the witness for truth and veracity; in some, any relation between the offense and the witness's inclination to tell the truth is tenuous or nonexistent). While Perry would not have had the burden at trial to show that the victim's prior theft conviction indicated a lack of veracity, Perry did have the burden at a post-conviction hearing to show that but for his counsel's alleged error the result of his trial would have been different. 264 Ind. at 137, 340 N.E.2d at 774; *Best, supra*. Because Perry has not shown that the victim's theft conviction actually would have impeached her, Perry has not demonstrated how the result of his trial would have been different.

### C. Failure to Discover Police Reports

Perry argues that the performance of his trial counsel was deficient, in that his counsel failed to discover two police reports regarding complaints previously made by the victim. At the post-conviction hearing, Perry introduced into evidence the two police reports. The first of these was made on March 6, 1979 (the "1979 Police Report"), when the victim complained to the police that a cab driver had "acted strange" when taking her to her destination. No action was taken on this complaint.

The second complaint was made on December 12, 1980 (the "1980 Police Report"), when the victim reported that she had been raped by her sister's boyfriend. The police questioned the alleged assailant who told them that he had previously dated the victim and believed she had fabricated the rape accusation to "get back at her sister." The victim took a polygraph test concerning the accusation and failed. The local prosecutor declined prosecution. At the post-conviction hearing, Perry's trial counsel testified that Perry had told him that the victim had accused others of rape, and that upon investigation, he was unable to substantiate the claim.

█ Perry alleges that the outcome of his trial would have been different had his trial counsel not failed to discover the 1979 Police Report concerning the strange-acting cab driver. He contends that the 1979 Police Report would have shown that the victim had an overactive imagination in that she thought she was going to be raped, when in fact she was not. Assuming Perry's contention is accurate, his counsel's failure to discover the 1979 Police Report did not prejudice him as the report is not relevant to the issue of whether Perry raped the victim in this case. Evidence is relevant if it is offered to prove a matter in issue and if it has any tendency to make the existence of any material fact

more or less probable than it would be without such evidence. *Henson v. State* (1989), Ind., 535 N.E.2d 1189. Whether the victim believed, five years earlier, that she was going to be raped by a cab driver does not tend to make the existence or non-existence of any material fact regarding whether Perry raped the victim in 1984 more or less probable. As the trial court would have been within its discretion by excluding the 1979 Police Report as not relevant, *Lott v. State* (1985), Ind., 485 N.E.2d 886, Perry could not have been prejudiced by his trial counsel's failure to discover it. *Hogan v. State* (1993), Ind.App., 616 N.E.2d 393, 397, *reh'g denied.*

■ Perry alleges that the outcome of his trial would have been different had his trial counsel not failed to discover the 1980 Police Report concerning the victim's alleged rape by her sister's boyfriend. He contends the 1980 Police Report shows that the victim used allegations of rape to avoid responsibility for consensual sexual activity, or as a way of exacerbating tensions between people. Again, Perry fails to show that the outcome of his trial would have been different but for his counsel's failure to discover the report.

■ Under Indiana's Rape Shield Law, evidence of the victim's past sexual conduct is not admissible in a prosecution for rape. IC 35-37-4-4. However, evidence of false accusations of similar sexual misconduct is admissible so long as the accusations are demonstrably false. *Kelley v. State* (1991), Ind.App., 566 N.E.2d 591; *Little v. State* (1980), Ind.App., 413 N.E.2d 639. Evidence of false accusations of sexual misconduct do not come within the scope of the Rape Shield Law because this evidence is concerned not with the victim's prior history of sexual conduct, but with her credibility. *Kelley, supra.* So, in this case, the only manner in which the 1980 Police Report could have been admitted at Perry's trial was if he had shown that the victim's allegations in that report were demonstrably false.

Allegations of prior sexual misconduct are demonstrably false where "the prosecutrix [has] admitted the falsity of the charges or they [have] been disproved." *Little,* 413 N.E.2d at 643 (citing *State v. Nab* (1966), 245 Or. 454, 421 P.2d 388). In *Kelley,* this court upheld the exclusion of an allegedly false prior accusation of sexual misconduct where the proponent of that evidence failed to show either that the victim had admitted the falsity of the accusation, or that there had been a trial and the person charged had been found not guilty. *Kelley,* 566 N.E.2d at 593. Here, Perry presented no evidence at the post-conviction hearing that the victim had admitted that her accusations in the 1980 Police Report were false, or that the alleged assailant had been tried and acquitted. As Perry failed to lay a foundation for the 1980 Police Report, that evidence would have been properly excluded at his trial. *Id.* As such, Perry has failed to show that but for his trial counsel's failure to discover the 1980 Police Report, the outcome of his trial would have been different. *Hogan,* 616 N.E.2d at 397.

### III. Newly Discovered Evidence

■ Perry argues that the 1979 and 1980 Police Reports are newly discovered evidence which entitle him to a new trial. In order to prevail on a claim of newly discovered evidence, Perry must show:

(1) That the evidence has been discovered since trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon retrial of the case; and (9) that it will probably produce a different result *Remsen v. State* (1986), Ind., 495 N.E.2d 184.

The post-conviction court found that Perry was not entitled to a new trial based on the 1979 and 1980 Police Reports, as the victim's allegations in those Reports were merely impeaching. Perry contends that the Reports are not merely impeaching, but have independent, probative significance of their own. Perry argues that the Reports show that the victim had previously en-

gaged in false accusations of rape to avoid taking responsibility for consensual sexual activity, and that this evidence tended to prove the victim consented to have sex with him. We disagree with Perry's contention. The 1979 Police Report does not support his proposition: the victim did not have sex with the cab driver and then accuse him of rape, rather, she jumped out of the cab after the driver began acting strangely, as she was afraid of being raped.

Also, Perry has not sustained his burden of proving that the allegations in the 1980 Police Report were false. See *Issue II, supra.* However, even if we assume that the victim's allegation in the 1980 Police Report is false, it is merely impeaching. *cf. Francis v. State* (1989), Ind., 544 N.E.2d 1385, *reh'g denied,* (newly discovered evidence that victim was in another place at the time she alleged that defendant sexually assaulted her went beyond merely impeaching her testimony as the evidence tended to show that the crime was not committed); and *Moredock v. State* (1982), Ind., 441 N.E.2d 1372 (newly discovered evidence that victim tacitly admitted that the defendant had not raped her was beyond merely impeaching evidence as it tended to show that the crime had not occurred). The 1979 and 1980 Police Reports do not warrant granting Perry a new trial based on newly discovered evidence. *Downs v. State* (1985), Ind., 482 N.E.2d 716.

### IV. Sufficiency of the Evidence

 Perry alleges the evidence is insufficient to establish that the tear gas pistol was a deadly weapon as defined by IC 35–41–1–8 [4]. Perry previously argued this issue on his direct appeal to our supreme court, who affirmed his conviction. *Perry v. State* (1986), Ind., 500 N.E.2d 1205. Perry argues, however, that under the recent court of appeals decision in *Miller v. State* (1993), Ind.App., 616 N.E.2d 750, his conviction must be reversed as there was insufficient evidence to establish that the tear gas

pistol was in fact a handgun, as charged in the information. As Perry states in his brief, "the decision in the *Miller* case warrants a reconsideration of the issue, consistent with the analysis employed by the *Miller* court." *Amended Brief of Appellant* at 9. We disagree.

A procedurally similar case came before our supreme court in *Kiger v. State* (1989), Ind., 537 N.E.2d 501, *reh'g denied.* Kiger was convicted of conspiracy to commit battery and his conviction was upheld by this court against a challenge that the evidence of a conspiracy was insufficient. Kiger's co-conspirator was later convicted of the same charge, but his conviction was reversed by our supreme court, which held that there was insufficient evidence of a conspiracy. Kiger then petitioned for post-conviction relief on the ground of insufficient evidence. The court of appeals reversed the trial court's denial of Kiger's petition, holding that the evidence in his case was not quantitatively different from the evidence in his co-conspirator's case, and therefore vacated Kiger's conviction due to insufficient evidence. The supreme court granted transfer, and in affirming the judgment of the trial court, stated:

> [T]he issue of sufficiency of the evidence in Kiger's trial has already been litigated. The decision was adverse to Kiger. He may not relitigate it through post-conviction procedures.

*Kiger,* 537 N.E.2d at 502. Such is the case here. Perry's claim of insufficient evidence was decided on his direct appeal and may not thereafter be brought before this court. *Washington v. State* (1991), Ind., 570 N.E.2d 21; *Cambridge v. State* (1984), Ind., 468 N.E.2d 1047.

Affirmed.

CONOVER and BARTEAU, JJ., concur.

---

4. "'deadly weapon' means:
 (1) a loaded or unloaded firearm; or
 (2) a weapon, devise, taser (as defined in IC 35–47–8–3) or electric stun weapon (as defined in IC 35–47–8–1), equipment, chemical substance, or other material that in the manner it is used, or could ordinarily be used, or is intended to be used, is readily capable of causing serious bodily injury."