**STATE of Indiana, Appellant–Plaintiff,**

**v.**

**John WALTON, Appellee–Defendant.**

No. 49A02–9608–CR–492.

Court of Appeals of Indiana.

March 9, 1998.

Transfer Granted June 24, 1998.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee–Defendant.

David R. Hennessy, Monica Foster, Indianapolis, for Appellee–Defendant.

**OPINION**

KIRSCH, Judge.

Following John Walton's acquittal of Rape[1] and Criminal Deviate Conduct,[2] the State appeals a reserved question of law[3] contending that the trial court erred in permitting the introduction of evidence that the

---

1. *See* IC 35–42–4–1.

2. *See* IC 35–42–4–2.

3. *See* IC 35–38–4–2(4).

victim had made demonstrably false allegations of a prior rape. We discuss the following issues:

I. Whether the common law exceptions to the Rape Shield Rule which permitted the introduction of evidence that the victim had made prior allegations of rape shown to be demonstrably false survived the adoption of Indiana Rule of Evidence 608(b), which prohibits the introduction of specific instances of conduct to attack or support credibility, and Indiana Rule of Evidence 412 which, with limited exceptions, bars evidence of a victim's past sexual history;

II. Whether the foundational requirements for the introduction of evidence that the victim had made demonstrably false allegations of a prior rape were satisfied when the victim denies making the accusations and the occurrence of a prior rape; and

III. Whether Indiana Rule of Evidence 412 violates the defendant's rights of due process.

## FACTS AND PROCEDURAL HISTORY

The State charged Walton with rape and criminal deviate conduct. Prior to trial, and in accordance with Indiana Rule of Evidence 412(b), Walton notified the court of his intent to present evidence that the alleged victim had made demonstrably false prior allegations of rape. The court held an evidentiary hearing at which Walton presented the testimony of two of the victim's former co-workers and friends, that the victim had made

prior false allegations of rape. The victim testified and denied having made any allegations of rape and denied that a previous rape had occurred. In its pre-trial order, the trial court declared that the victim had made a prior allegation of rape and that because the victim "acknowledges that the prior rape did not occur," *Record* at 85, the evidence regarding the prior allegations of rape was admissible.

## DISCUSSION AND DECISION [4]

### I.

### The Effect of the Adoption of the Indiana Rules of Evidence on the Common Law Exceptions to the Rape Shield Rule

 The parties style the issue before the court as whether the common law exceptions [5] to the Rape Shield Rule allow the admissibility of demonstrably false prior accusations of rape in light of the provisions of Indiana Evidence Rule 412. We must also, however, consider the impact of Rule 608(b) on the admissibility of such evidence.[6]

The Indiana Rules of Evidence went into effect on January 1, 1994. Rule 608(b) states, in relevant part: "For the purpose of attacking or supporting the witness's credibility, other than conviction of a crime as provided in Rule 609, specific instances may not be inquired into or proven by extrinsic evidence." Rule 608(b) is a restatement of prior Indiana law that a witness may not be impeached by proof of specific extraneous acts of misconduct which have not been reduced to criminal convictions. *Randall v. State*, 455 N.E.2d 916, 928 (Ind.1983). The case law carved out an exception to this rule against character impeachment by prior conduct in sex offense cases and allowed for the

---

4. Walton contends that the State waived the right to raise the issue regarding the admissibility of the victim's prior allegations of rape because the State failed to make a timely and specific objection to its admission. Without resolving such issue, we elect to consider the issue on the merits. *Staton v. State*, 640 N.E.2d 741, 742 (Ind.Ct.App.1994), *trans. denied; S.M.V. v. Littlepage*, 443 N.E.2d 103, 105 (Ind.Ct.App. 1982), *trans. denied* (1983).

5. These exceptions to the Rape Shield Rule allowed the evidence where: (1) the victim has admitted that she made a prior false accusation of sexual misconduct; or (2) her prior accusation

is demonstrably false. *Stewart v. State*, 531 N.E.2d 1146, 1149 (Ind.1988) (citing *Little v. State*, 413 N.E.2d 639, 643 (Ind.Ct.App.1980)).

6. Legal commentary notes that the vitality of the Rape Shield exceptions subsequent to the Indiana Rules of Evidence taking effect in 1994 is an open question. In his treatise on Indiana evidence Judge Robert L. Miller stated, in reference to the Rape Shield exceptions, "Whether these cases survived adoption of Rule 608(b) cannot be said with certainty." Miller, *Indiana Practice*, § 608.207 at 150 (2d ed. 1995).

introduction of evidence of specific instances of conduct if the act was a demonstrably false prior allegation of conduct similar to that with which the defendant was charged. *Little v. State*, 413 N.E.2d 639, 643–44 (Ind.Ct. App.1980). The reasoning underlying this exception is that sex offense cases often rest solely on a determination of the credibility of the accusing witness. "Courts will often allow a wider latitude for impeachment or cross-examination of a prosecuting witness in a sex offense case, because of the relative ease of bringing such a charge and the relative difficulty of proving or disproving it." Nancy M. King, Annotation, *Impeachment or Cross-Examination of Prosecuting Witnesses in Sexual Offense Trial by Showing that Prosecuting Witness Threatened to Make Similar Charges Against Other Persons*, 71 A.L.R.4th 448, 451 (1989).

Indiana's Rape Shield laws generally prohibit the admission of evidence relating to a rape victim's sexual history. IC 35–37–4–4. The purpose of the rule is to protect the privacy of victims of sex crimes by prohibiting a general inquiry into their sexual history. *Steward v. State*, 636 N.E.2d 143, 148 (Ind.Ct.App.1994), *aff'd*, 652 N.E.2d 490 (Ind. 1995). The rules prevent the victim from being tried rather than the defendant. *Id.* It also furthers the interest of judicial economy by avoiding trying the prior allegation in the context of the present case.

Rule 412(a) incorporates the basic principles of IC 35–37–4–4,[7] and states, in part:

"(a) In a prosecution for a sex crime, evidence of the past sexual conduct of a victim or witness may not be admitted, except:

(1) evidence of the victim's or witness's past sexual conduct with the defendant;

(2) evidence which shows that some person other than the defendant committed the act upon which the prosecution was founded;

(3) evidence that the victim's pregnancy at the time of trial was not caused by the defendant; or

(4) evidence of conviction for a crime to impeach under Rule 609."

Indiana Evidence Rule 101(a) provides that "[i]f these rules do not cover a specific evidence issue, common or statutory law shall apply." Rule 608(b) did not address the issue. Because the exception existed at common law, because Rule 608(b) is a restatement of the common law, because Rule 412(a) is a restatement of prior common and statutory law, and because the reasoning underlying the exception still obtains, we conclude that the common law exceptions to the Rape Shield Rule survived the adoption of the Indiana Rules of Evidence.

## II.

### The Foundational Requirements

The second issue presented is whether the evidentiary foundation for the introduction of evidence of prior false allegations of rape by the victim was satisfied. The supreme court in *Stewart v. State* recognized two exceptions to the general rule of non-admissibility: (1) the victim has admitted that she made a prior false accusation of sexual misconduct; or (2) her prior accusation is demonstrably false. 531 N.E.2d 1146, 1149 (Ind.1988) (citing *Little*, 413 N.E.2d at 643).

The defendant in *Stewart* molested a three-year-old boy, and the victim's ten-year-old brother (T.C.) witnessed the incident. The defendant wanted to present evidence of a prior sexual accusation relating to T.C.'s credibility. The court held that because "a determination remained whether T.C. did in fact make the accusation and if so, whether it was false, with the outcome relying upon a judgment of the credibility of the witnesses[,]" the trial court properly excluded the evidence. *Stewart*, 531 N.E.2d at 1149.

In *Kelley v. State*, 566 N.E.2d 591, 593 (Ind.Ct.App.1991), this court upheld the exclusion of an alleged prior allegation of rape

7. Rule 412(a), however, is not a verbatim adoption of the statute, and any differences between the two are controlled by the Indiana Rules of Evidence. *Williams v. State*, 681 N.E.2d 195, 200 n. 6 (Ind.1997) (citing *Harrison v. State*, 644 N.E.2d 1243, 1251 n. 14 (Ind.1995)), *aff'd after remand*, 659 N.E.2d 480 (Ind.1995), *cert. denied*, 519 U.S. ——, 117 S.Ct. 307, 136 L.Ed.2d 224 (1996); *Epstein v. State*, 190 Ind. 693, 696, 128 N.E. 353, 353 (1920).

where the defendant failed to show that it was demonstrably false. The court based its decision on the defendant's failure to show either that the victim had recanted the accusation or that there had been a trial and the person charged had been found not guilty, showing demonstrative falsity.[8] *Id.; see also Perry v. State*, 622 N.E.2d 975, 980 (Ind.Ct. App.1993).

In *Koo v. State*, 640 N.E.2d 95 (Ind.Ct. App.1994), *trans. denied*, we held that the trial court acted within its discretion in refusing to allow discovery concerning whether the victim made allegations of rape against other persons. The victim denied ever making a false allegation and also denied that a rape ever occurred. *Id.* at 103.

▪ The effect of *Stewart* (and the rule from *Little*) is to allow the admission of evidence of false accusations of sexual misconduct because such evidence is not concerned with the victim's history of sexual conduct, but with her credibility, and it does not fall within the purview and protection of the rule. If, however, the accusations are true, they would be inadmissible under the Rape Shield Rule because such accusations concern evidence of the victim's sexual conduct. *Little*, 413 N.E.2d at 643.

Here, Walton contends the alleged prior demonstrably false allegations of rape were properly admitted to show the prosecuting witness' propensity to falsely accuse others of sexual misconduct toward her and are evidence of her credibility. The victim denied ever having made the accusations, although Walton offered evidence that she made prior allegations of rape through the testimony of two witnesses. She also testified that she had never been raped prior to the event at issue. Here, the situation is distinguishable from that in *Little* and *Hall* in which the victims admitted that the accusations they made were false. Therefore, the first exception set out in *Little* does not apply to the allegations in this case. Although Walton suggests that the prosecuting witness admitted making a prior false allegation of rape,

the Record indicates otherwise. *Record* at 217–22, 579–80. The prosecuting witness' testimony was not an admission of falsity or a recantation of the allegations, but a denial of having made a prior allegation of sexual misconduct.

Thus, we must consider whether the evidence is admissible through the second *Little* exception: whether the victim's prior accusations of rape were demonstrably false. Here, this is a two stage inquiry: were the prior accusations made by the victim and, if so, were they demonstrably false.

The *Little* court defined "demonstrably false" with regard to allegations of prior sexual misconduct as where "the prosecutrix [has] admitted the falsity of the charges or they [have] been disproved." 413 N.E.2d at 643 (quoting *State v. Nab*, 245 Or. 454, 459, 421 P.2d 388, 391 (1966)). *Kelley* upheld the exclusion of an allegedly prior false accusation of sexual misconduct where the proponent of the evidence failed to show that there had been a trial and the person charged had been found not guilty. *Kelley*, 566 N.E.2d at 593. In *Perry*, the trial court's exclusion of a police report was upheld because the proponent of the document presented no evidence that the victim had admitted that her accusations were false, or that the alleged assailant had been tried and acquitted. *Perry*, 622 N.E.2d at 980. In *Hogan v. State*, 616 N.E.2d 393, 396 (Ind.Ct.App.1993), *trans. denied*, we upheld the exclusion of evidence that the investigating police officers questioned the veracity of a victim's statements because the falsity of the victim's allegations had yet to be determined.

▪ Demonstrably false is a more stringent standard than a mere credibility determination. To determine whether a prior allegation is demonstrably false, no bright line test for admissibility can be established. Factors that may be considered by the court in making such determination include whether the prior accusation was made under oath or included in criminal charges of sexual

8. We question but do not decide, whether acquittal should be tantamount to a determination that the underlying charges were demonstrably false. The fact that the State failed to prove the charges beyond a reasonable doubt should not be construed as a determination that the charges were false, much less demonstrably so.

misconduct, whether independent corroborative evidence of falsity exists, and whether a prima facie case in support of the prior accusation was established. The court should also consider the extent to which the victim, to defend herself against the accusations, would be forced to reveal private information afforded protection at the heart of the Rape Shield Rule and the extent to which the truth or falsity of the prior accusations would become trials within trials. *See Little,* 413 N.E.2d at 643. "The trial should not stray from the central issue of guilt or innocence of the defendant into a full-scale investigation of charges made by the prosecutrix against other persons." *Id.* (quoting *Nab,* 421 P.2d at 391).

■ Here, the only evidence that the victim made false prior allegations of rape was the testimony of two witnesses that the victim told them that she had been raped and the victim's statements that a rape did not occur. The victim denied that she had made the allegations. The determination of admissibility rests solely upon the credibility of the witnesses. It is not sufficient to reach the level of demonstrably false. While it is difficult to say what is needed to show that the alleged prior rape allegations were demonstrably false, it is insufficient where accusations are supported only by uncorroborated testimony which is contradicted by the victim. Absent evidence that the allegations were demonstrably false, the foundational requirements were not satisfied, and the trial court erred in admitting the evidence regarding the victim's prior rape allegations.

### III.

#### *Constitutionality*

Walton argues that the state and federal constitutions guarantee a criminal defendant the right to present a defense, and this right includes the right to offer the testimony of witnesses who claimed that the victim made prior allegations of rape.

■ "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment, *Chambers v. Mississippi,* 410 U.S. 284, 296, 93 S.Ct. 1038, 1046, 35 L.Ed.2d 297 (1973), or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, *Washington v. Texas,* 388 U.S. 14, 23, 87 S.Ct. 1920, 1925, 18 L.Ed.2d 1019 (1976); *Davis v. Alaska,* 415 U.S. 308, 319–20, 94 S.Ct. 1105, 1112, 39 L.Ed.2d 347 (1974), the Constitution guarantees criminal defendants 'a meaningful opportunity to present a defense.'" *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984) (quoting *Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986), *cert. denied,* 484 U.S. 834, 108 S.Ct. 111, 98 L.Ed.2d 70 (1987)) (citations omitted). In *Washington v. Texas,* the Court stated:

"The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of the due process of law."

388 U.S. at 19, 87 S.Ct. at 1923. Accordingly, when the State excludes "competent, reliable evidence" that is central to the defendant's case, this right is abridged. *Crane,* 476 U.S. at 690, 106 S.Ct. at 2146.

■ Although "[t]he right to present witnesses is of critical importance, ... it is not absolute. In appropriate cases, the right must yield to other legitimate interests in the criminal trial process." *Chambers,* 410 U.S. at 296, 93 S.Ct. at 1046. Therefore, the courts must balance Walton's right to present a defense and the State's interest in protecting rape victims by excluding certain evidence under the Rape Shield Rule. The Supreme Court has stated that "when a state rule of evidence conflicts with the right to present witnesses, the rule may 'not be applied mechanistically to defeat the ends of justice,' but must meet fundamental standards of due process." *Rock v. Arkansas,* 483 U.S. 44, 56, 107 S.Ct. 2704, 2711, 97 L.Ed.2d 37 (1987) (quoting *Chambers,* 410 U.S. at 302, 93 S.Ct. at 1049). Further, "State imposed restrictions on the types of

questions that defense counsel may ask during cross-examination and on the defense's ability to offer otherwise relevant and material evidence 'may not be arbitrary or disproportionate to the purposes they are designed to serve.'" *Saylor v. State*, 559 N.E.2d 332, 335 (Ind.Ct.App.1990) (quoting *Rock*, 483 U.S. at 56, 107 S.Ct. at 2711), *trans. denied.*

 Indiana's Rape Shield Rule has been held constitutional on its face. *Steward v. State*, 636 N.E.2d 143, 148 (Ind.Ct.App. 1994); *Moore v. Duckworth*, 687 F.2d 1063, 1067 (7th Cir.1982). However, "the constitutionality of such a law as applied to preclude particular exculpatory evidence remains subject to examination on a case by case basis." *Tague v. Richards*, 3 F.3d 1133, 1137 (7th Cir.1993) (quoting *Sandoval v. Acevedo*, 996 F.2d 145, 149 (7th Cir.1993)). It was held in *Saylor*, with regard to the application of the Rape Shield Rule, that it "complies with the dictates of the Confrontation and Due Process Clauses only if it does not actually impinge upon cross-examination." 559 N.E.2d at 335; *see also Lagenour v. State*, 268 Ind. 441, 376 N.E.2d 475 (1978); *Thomas v. State*, 471 N.E.2d 677 (Ind.1984). In *Steward, Saylor,* and *Tague*, the evidence offered by the State merely tended to prove that sexual conduct had occurred, the primary purpose for the introduction of the evidence, however, also at issue was the risk of mistaken identification of the perpetrator through "partial corroboration." *Steward*, 636 N.E.2d at 149 (quoting *Saylor*, 559 N.E.2d at 334); *Tague*, 3 F.3d at 1138. In such instances, the defendant must be allowed to rebut the identification issue by adducing evidence to the contrary. *Steward*, 636 N.E.2d at 149. Here, however, mistaken identification is not an issue, as Walton admits to having intercourse with the victim.

 Accordingly, we consider and balance the interests of Walton and the State. One of the State's interests at stake here, and the central purpose of the Rape Shield Rule, is to protect the prosecutrix, "to avoid embarrassing her and subjecting her to possible public denigration." *Lewis v. State*, 451 N.E.2d 50, 53 (Ind.1983). This is not a ban on defendants presenting evidence regarding prior accusations, but the accusations, as not-

ed, must be demonstrably false. Nor is this a ban on Walton adducing evidence regarding the victim's credibility. Although, he cannot use non-demonstrably false prior allegations of rape to do so, he can use traditional impeachment methods, including reputation evidence. *See* Ind.Evidence Rule 608. Further, the State has an interest in preserving judicial economy by not allowing the trial to stray from the central issue of the defendant's guilt. *Stewart*, 531 N.E.2d at 1149.

The judgment of the trial court is reversed on this reserved question of law.

GARRARD, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I concur but write separately in order to state a degree of reservation with regard to the majority's analysis of the foundational requirements for introduction of evidence of prior false allegations of rape.

I agree that in this case both prongs of the test, i.e., (1) that the person must have made a prior allegation, and (2) that the allegation was demonstrably false, were not met. The majority, however, appears to combine the two prongs into a single-faceted test.

*Stewart v. State*, (1988) Ind., 531 N.E.2d 1146, is cited in support of excluding such evidence when it had not been determined whether the accusation had in fact been made, and if so, whether it was false. *Stewart* did not say, however, that if the trial court determined, as here, that the witness did in fact make the accusation, such must be excluded.

Similarly, in *Koo v. State*, (1994) Ind.App., 640 N.E.2d 95, cited by the majority, the fact that the individual denied making the allegation and also denied that any rape took place should not be read as a holding that exclusion of a prior false accusation is mandated. Notwithstanding the denial by the alleged false accuser, the existence of the accusation and its falsity might be otherwise proved. In the case before us, the trial court, as was its prerogative, chose to believe the witnesses who stated that the victim had previously

made accusations of rape on two separate occasions by two different persons. For our purposes, therefore, we may consider the fact of the accusations as established. In such instance, the question of admissibility, in my view, remains open. Given the fact of the accusation, admissibility depends upon the second facet of the test—whether the accusation is demonstrably false. For this reason, I conclude that the heart of this case is whether the accusation found to have been made was false.

While I agree that one of the salutary aspects of the Rape Shield Rule is to avoid "trying the prior allegation in the context of the present case" (Op. at 500), that very inquiry is implicit in the "demonstrably false" facet of the test. Therefore, it would appear that, difficult though it may be, the matter of truth or falsity of the prior rape accusation must be dealt with. In this context, I take issue with the majority's strong suggestion that an acquittal of a prior rape accusation will not permit a conclusion that the accusation was false.

If an accusation of rape has been made, I can conceive of no more rational way to demonstrate falsity, insofar as human fact-finding capabilities are involved, than to consider an acquittal of those charges. To be sure, an acquittal may be premised upon a conclusion that the State has not proved the rape beyond a reasonable doubt, when in point of fact the rape did occur, as known only to the victim and the perpetrator. Nevertheless, we are not privileged to operate within such a world of abstract certainty. To hold otherwise would seem to render the "demonstrably false" prong of the test virtually meaningless. The fact-finding process is necessarily conducted by persons with human frailties—with the capacity to be wrong, as well as to be correct. We are compelled to determine the existence of facts, from evidence that is available to us, and we deal with probabilities rather than absolute certainties. For this reason, I would opine that an acquittal may be considered as strong evidence, though not conclusive, of the falsity of a prior rape accusation.

The evidence adduced from the two witnesses concerning the prior allegations was adequate to support the trial court's factual determination that the accusations were in fact made. Evidence that the accusations were demonstrably false is lacking, however. Although the first prong of the test was met, the second prong was not.

For this reason, I concur in the holding that the court erred in admitting the evidence.