Anthony HOGAN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A03–9210–CR–348.

Court of Appeals of Indiana,
Third District.

June 28, 1993.

Rehearing Denied Sept. 7, 1993.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Office of Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant-defendant Anthony Hogan brings this direct appeal of his conviction for rape, a Class B felony. Hogan was

sentenced to a 15-year term of imprisonment.

The evidence relevant to the appeal discloses that on March 30, 1987, at approximately 10:30 P.M., Hogan arrived at the apartment of the victim, D.E. D.E. was acquainted with Hogan through her boyfriend. Also, occasionally Hogan had requested permission to use the telephone at D.E.'s apartment.

Initially, when Hogan asked if he could come in, D.E. refused. She then relented and allowed Hogan admission. While in the living room, Hogan told D.E. he wanted to make love to her. Hogan approached D.E. and began rubbing her leg. D.E. asked Hogan to leave. Hogan refused to leave and pushed D.E. into her bedroom. Hogan pushed D.E. onto the bed and told her again that he wanted to make love to her.

D.E. got up and walked toward the bedroom door. D.E. fell near the door. Hogan grabbed D.E. by the neck, threw her on the bed, unzipped her robe and removed her underwear. Hogan forced D.E. to submit to sexual intercourse.

D.E. reported the incident to police on the following morning. D.E. identified Hogan from a photographic array. Subsequently, Hogan was charged with and convicted of rape, a Class B felony. This appeal ensued.

Hogan raises three issues for review. As restated, the issues are:

(1) whether the trial court erred in ruling that evidence of prior reports of rape by D.E. were inadmissible at trial;

(2) whether trial counsel was ineffective; and

(3) whether the trial court erred in failing to make an inquiry as to the reason for the jury's request to hear the testimony of D.E. and one other witness.

First, Hogan contends that the trial court erred in denying his belated motion to correct error. In his motion, Hogan alleged that the State failed to divulge evidence that, in 1978, D.E. had reported two incidents of sexual assault; one of which was termed "false" by the investigating police officer, and the truth of the other was questioned by the investigating officer.

Although Hogan's trial counsel does not recall whether the information was furnished to Hogan during pre-trial discovery, trial counsel does not believe that he had seen the documents prior to trial based upon the lack of specificity in his argument to the court when the State requested a motion in limine as to D.E.'s past sexual history. For purposes of review, it may be assumed that disclosure of the documents was not made.

Hogan argues that two police reports from 1978 were admissible to impeach D.E.'s veracity. The reports described separate incidents of sexual assault wherein the complaining witness was D.E. In one report the investigating officer stated: "It is this officer's opinion that the victim did not answer the questions presented to her in all honesty. However, it is unknown as to why she would not. I believe an in depth interview with the victim will be necessary to determine what actually transpired and if this is a legitimate case." Regarding the same incident, another officer reported that "[t]he story sounds fishy." In the report of the second incident the officer stated, "It is the undersigned officer's opinion that this is a false report...."

In *Hall v. State* (1978), 176 Ind.App. 59, 374 N.E.2d 62, and *Little v. State* (1980), Ind.App., 413 N.E.2d 639, this Court found that, under certain circumstances, a victim's false accusations of similar sexual misconduct may be admissible at trial on the issue of the victim's credibility. Our supreme court reiterated and clarified the decisions in *Hall* and *Little* in *Stewart v. State* (1988), Ind., 531 N.E.2d 1146, Debruler, J., dissenting. The court in *Stewart* determined:

"In *Little*, a fourteen-year-old rape victim told police that others had sexually violated her, and she later recanted the accusation. The Court of Appeals stated that generally, a witness may not be impeached by specific acts. However, in sex offense cases in which the victim

made a false allegation of conduct similar to that with which the defendant was charged, the victim may be impeached by these specific acts. The court held that evidence of false accusations of similar sexual misconduct is admissible on the issue of the victim's credibility, so long as the allegations are demonstrably false.

Appellant acknowledges that in his case, the person sought to be impeached is a witness and not the victim. He believes, however, that the rule stated in *Little* should apply to T.C. because the victim was an incompetent witness and T.C. was the only witness who testified that the molestation occurred.

Indiana's Rape Shield Act states that in a prosecution for a sex crime, evidence, opinion evidence, and reputation evidence of the past sexual conduct of the victim or a witness may not be admitted. Ind. Code § 35-37-4-4.

The rule in *Little* stated that the falsity of the victim's accusations must be admitted by him or her or the allegations must be demonstrably false before the victim may be impeached. The rule does not permit the trial to stray from the central issue of guilt or innocence of the defendant into a full-scale investigation of charges made by the prosecutrix against other persons.

In appellant's case, T.C.'s allegedly false accusations were denied by C.P. and her boyfriend, E.J. A determination remained as to whether T.C. did in fact make the accusation and if so, whether it was false, with the outcome relying upon a judgment of the credibility of the witnesses. Such a situation is distinguishable from that in *Little* and *Hall, supra,* in which the victims admitted that the accusations made by them were false.

Because T.C. was a witness and not a victim in appellant's case, and because T.C. did not admit making a false accusation and an issue remained as to whether one existed, we refrain from applying the rule set forth in *Little* to appellant's case. The trial court properly excluded the evidence under Ind.Code § 35-37-4-4."

*Id.* at 1148-1149.

■ As in *Stewart,* the prior reports of sexual misconduct in the present case were neither *demonstrably false* nor did the victim recant. Generally, the character of witnesses may be impeached only through evidence of community reputation or by proof of a conviction for a specified crime. *Witte v. State* (1987), Ind., 516 N.E.2d 2, 5. In *Hall,* the victim's father and stepmother had written a letter to the victim's mother regarding the victim's compulsion to lie about sexual misconduct. The victim in *Little* recanted portions of her previous allegations of sexual misconduct.

■ Here, the officer's reports indicated or implied that further investigation should be conducted to determine the truthfulness of the allegations. Thus, as noted in *Stewart,* the falsity of the victim's accusations remained to be determined. Further, the officers did not indicate any familiarity with D.E.'s community reputation for telling the truth. The trial court did not err in determining that the evidence of the previous accusations was not admissible. Accordingly, any error in failing to disclose the documents to Hogan was harmless.

■ Next, Hogan claims ineffective assistance of trial counsel. A case may be reversed for ineffective assistance of counsel when a defendant demonstrates both a deficient performance by counsel and resulting prejudice from errors of counsel so serious as to deprive the defendant of a trial in which the result is reliable. *Davis v. State* (1992), Ind., 598 N.E.2d 1041, 1051, citing *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Further,

"[a] claim of ineffective assistance must identify the claimed errors of counsel, so that the court may determine whether, in light of all circumstances, the counsel's actions were outside the range of professionally competent assistance. The proper measure of attorney performance is reasonableness under prevailing professional norms. It shall be strongly presumed that counsel rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional judgment. Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel."

*Id.*

Hogan complains that counsel's performance was deficient in the following areas: 1) investigation; 2) cross-examination of the victim; 3) and failure to object to a tendered instruction. Hogan first claims that trial counsel failed to fully investigate and present evidence that Hogan and D.E. knew each other socially. At trial, D.E. testified that Hogan lived in the neighborhood; had been at her apartment to use the telephone on several occasions; and that he had talked to her and her boyfriend on those occasions. According to affidavits by Hogan's father and sister filed with the belated motion to correct error, Hogan gave D.E. some of his son's birthday cake and talked to D.E. on her porch on one occasion. Also, Hogan's sister stated that D.E. had asked about Hogan.

■■■ While it is relevant that D.E. knew Hogan, the evidence which Hogan believes was not discovered was of a very similar nature to that presented at trial. The jury was presented with sufficient evidence that D.E. knew Hogan. It appears clear that she would not have relented and admitted Hogan into her home on the evening of the incident otherwise. The standard for competency does not require counsel to present every possible shred of evidence on each point, especially once the point is made.

■■■ Hogan contends that during cross-examination of D.E., trial counsel failed to bring out some variances between D.E.'s deposition testimony and her testimony at trial. The deviations were minor. Moreover, counsel vigorously cross-examined D.E. He closely quizzed D.E. regarding the events at the time of the rape. Hogan's contention that counsel failed to detect a variation between D.E.'s testimony

and that of a police officer is without merit. Counsel brought out on cross-examination of the police officer that a variation existed. Counsel's cross-examination of D.E. and the other State's witnesses did not fall below the applicable standard of competency.

Hogan's allegations that counsel was deficient with regard to investigating and utilizing the 1978 rape reports, does not present reversible error inasmuch as the reports were not admissible.

Hogan next claims that counsel's failure to object to a final instruction tendered by the State constituted ineffective assistance of counsel. The instruction provided that "a defendant may be convicted of rape on the uncorroborated testimony of the victim." Hogan acknowledges that the instruction correctly states the law. However, Hogan complains that counsel should have argued that the instruction was not relevant to the trier of fact; that it was improper to single out the testimony of one witness; and that it was improper to address the credibility of a particular witness.

■■■ Jury instructions are not to be considered in isolation but as a whole and with reference to each other. *Reinbold v. State* (1990), Ind., 555 N.E.2d 463, 467. The trial court gave a general instruction on the credibility of witnesses and that the jury should attempt to "fit the evidence to the presumption that the defendant is innocent." Under the circumstances, counsel was not ineffective for failing to object to an instruction which correctly states the law. *See Mallory v. State* (1990), Ind.App., 563 N.E.2d 640, 646.

Hogan has failed to demonstrate that counsel's performance was deficient. Consequently, Hogan's further argument that he was prejudiced by alleged deficiencies need not be addressed.

■■■ Finally, Hogan complains that the trial court erred in failing to determine the reason for the jury's request to have the testimony of D.E. and one other State's witness replayed. With Hogan's agreement, Hogan's trial counsel left during jury deliberations. Trial counsel arranged for

an attorney to substitute during the deliberations. When the jury requested the testimony, substitute counsel conferred with Hogan. By affidavit, Hogan attests that he believed that the jury wanted to hear additional evidence. According to Hogan, based upon that belief, he told substitute counsel that he did not want to comply with the jury's request.

As noted by Hogan, IND.CODE § 34-1-21-6 (1988 Ed.) provides:

"After the jury [has] retired for deliberation, if there is a *disagreement* between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys. [Emphasis added.]"

Hogan acknowledges that the statute has been interpreted to mean that the testimony need not be made available to the jury unless a *disagreement* exists. *See Cade v. State* (1992), Ind.App., 590 N.E.2d 624, 625–627. Further, under circumstances similar to those in the present case, it was determined that "the party who wants the testimony replayed must take steps to determine whether a disagreement exists...." *Id.* at 627.

Hogan asserts that he should not be held to the burden of determining whether a disagreement existed and that the trial court should have assumed that burden because during jury deliberations he was being represented by substitute counsel. Hogan has not demonstrated any error on the part of substitute counsel or the court. At best, Hogan has alleged that he misunderstood the impact of the jury's request. No ground for reversible error exists.

There being no finding of error, the judgment of conviction is affirmed.

Affirmed.

STATON and ROBERTSON, JJ., concur.