Anthony D. HOGAN, Petitioner–
Appellant,

v.

Craig HANKS and Pamela Carter,
Respondents–Appellees.

No. 94–2886.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 10, 1996.

Decided Sept. 30, 1996.

Rehearing and Suggestion for Rehearing
En Banc Denied
Nov. 6, 1996.

Allen E. Shoenberger, Nick Preservati, Law Student (argued), Loyola University School of Law, Chicago, IL, for Petitioner–Appellant.

Geoffrey Slaughter (argued), Office of the Attorney General, Indianapolis, IN, for Respondents–Appellees.

Before CUMMINGS, FLAUM, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Anthony Hogan, convicted of rape in Indiana, is serving a term of 15 years' imprisonment. After the state's court of appeals affirmed, *Hogan v. State,* 616 N.E.2d 393 (Ind.App.1993), *Hogan* applied for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition in a brief opinion. Hogan's arguments on appeal include condemnation of his prior attorneys, which has become depressingly routine and is unavailing under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). His more substantial arguments concern efforts to cross-examine D.E., the woman he was convicted of raping.

Before we take up the merits, a word about the parties. Hogan named as a respondent not only the warden of his prison but also the Attorney General of Indiana. This has become the norm in collateral attacks filed in Indiana; indeed, district judges often list the Attorney General as a party even when the petitioner does not. Yet the only proper respondent in a collateral attack is the petitioner's custodian. The Attorney General of Indiana is the state's lawyer, not the prisoner's custodian. If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named. A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody. See *Cruz v. Warden,* 907 F.2d 665, 665 n. 1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Because Hogan is incarcerated, the only proper respondent is Warden Hanks. Attorney General Carter is dismissed as a party and should not appear as a litigant in any future § 2254 case except under the conditions specified in Rule 2(b).

D.E. has accused three men of raping her. The first two accusations, made in 1978 (nine years before the events of which Hogan was convicted), did not lead to prosecutions. Police reports from 1978 reflected skepticism

about D.E.'s reports. One officer wrote: "It is this officer's opinion that the victim did not answer the questions presented to her in all honesty.... I believe that an in depth interview with the victim will be necessary to determine what actually transpired and if this is a legitimate case." Another wrote that "[t]he story sounds fishy." Still a third: "It is the undersigned officer's opinion that this is a false report...." Hogan did not receive the police reports from 1978 until after trial. He contends that the prosecutor violated the due process clause, see *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by "suppressing" these reports, which Hogan believes are exculpatory evidence. But of course they are not about the events of 1987; they are at best evidence that could have been used to question D.E.'s veracity, and their utility even for that purpose was doubtful for reasons we discuss below. Hogan did not make a specific request for reports of this kind. He made a general request for "all exculpatory evidence," which under *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), is equivalent to no request at all. A general (or no) request does not require the prosecutor to scare up and turn over documents with such a tenuous connection to the case. What is more, it turns out that Hogan's attorney knew during the trial the tenor of the reports, even though he did not have copies—and it is this knowledge that sets up his next argument. There was no *Brady* problem.

During the trial, Hogan's lawyer sought to undermine D.E.'s credibility by questioning her about her prior reports of rape, and why prosecutions did not ensue. The trial court sustained objections to this line of questioning. The state's court of appeals held that the questioning would have been proper, under Indiana law, if the prior reports of rape had been "demonstrably false" or the accuser had recanted. 616 N.E.2d at 396, citing *Stewart v. State*, 531 N.E.2d 1146, 1148–49 (Ind.1988). But because the officers' doubts were never resolved, and the prosecutors' reasons for declining to pursue matters were (and remain) unknown, the court of appeals thought that the trial judge acted properly in enforcing the rule that "the character of a

witness may be impeached only through evidence of community reputation or by proof of a conviction for a specified crime." 616 N.E.2d at 396. Hogan would need extrinsic evidence to show that the prior reports were false, and the state court concluded that it was unnecessary to launch what could have been an extended, and complex, inquiry into the accuracy of charges made in 1978. Exclusion of such evidence is the federal rule as well. Character evidence about a purported victim's truthfulness is admissible, see Fed. R.Evid. 404(a)(2), but specific instances of conduct are admissible to prove character only when "character or a trait of character of a person is an essential element of a charge, claim, or defense". Fed.R.Evid. 405(b). See also Fed.R.Evid. 608(b) ("Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence.").

 Hogan contends that Indiana's rules of evidence (and, by implication, the federal rules as well) are inconsistent with the confrontation clause of the sixth amendment (applied to the states by the fourteenth). Yet although the Supreme Court has frequently held that states must permit cross-examination that will undermine a witness's testimony, see *Olden v. Kentucky*, 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988); *Delaware v. Van Arsdall*, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *United States v. Abel*, 469 U.S. 45, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984); *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), it has never held—or even suggested—that the longstanding rules restricting the use of specific instances and extrinsic evidence to impeach a witness's credibility pose constitutional problems. No federal court of appeals has done so either. Hogan relies on a single district court opinion: *United States v. Stamper*, 766 F.Supp. 1396 (W.D.N.C.1991), affirmed without published opinion under the name *In re One Female Juvenile Victim*, 959 F.2d 231 (4th Cir.1992). *Stamper* technically was about the sixth amendment exception to the rape-shield principle in Fed.R.Evid. 412 rather than about Rules 404, 405, or 608.

Indiana's court of appeals relied on general principles of evidence, not on Indiana's rape shield statute. Nonetheless, the district court's analysis in *Stamper* implies that the sixth amendment entitled Hogan to pursue the line of questioning that the state's trial court foreclosed.

Whether or not this court would follow *Stamper*, Hogan is not entitled to its benefits in this collateral attack. Under amendments to § 2254(d) made by § 104 of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104–132, 110 Stat. 1214, 1219, and applicable to pending cases, see *Lindh v. Murphy*, 96 F.3d 856 (7th Cir.1996) (en banc),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Hogan understandably does not contend that the state court's decision "was contrary to, or involved an unreasonable application of, *clearly established* Federal law, *as determined by the Supreme Court of the United States*" (emphasis added). Instead he asks us not to apply the new law, because the State of Indiana neglected to invoke it. Such a forfeiture permits a court to apply the former law, but "counsel's inattention to the niceties of federal practice does not [invariably] forfeit the benefits the law bestows on the state as an entity." *Lindh*, at 865.

As it happens, treating the state's somnolence as a forfeiture would not matter, because prior law enforced a related principle through the doctrine of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Only "clearly established" rules could be applied on collateral attack; and a rule was not "clearly established" unless it was "compelled by existing precedent." *Saffle v. Parks*, 494 U.S. 484, 488, 110 S.Ct. 1257, 1260, 108 L.Ed.2d 415 (1990). See also *Gray v. Netherland*, —— U.S. ——, —— ——, 116 S.Ct. 2074, 2083–85, 135 L.Ed.2d 457 (1996); *Sawyer v. Smith*, 497 U.S. 227, 236, 110 S.Ct. 2822, 2828, 111 L.Ed.2d 193 (1990). *Teague*, unlike the amended § 2254(d)(1), permitted courts of appeals to enforce on collateral review their own clearly established legal interpretations, but nothing in the body of seventh circuit law "clearly established" Hogan's contentions by the time his direct appeals concluded (or today, for that matter). Although Indiana has paid no more heed to *Teague* than it did to the new statute, *Eaglin v. Welborn*, 57 F.3d 496, 498–99 (7th Cir.1995) (en banc), holds that a court may decide a case on the basis of *Teague* even if the state's lawyers overlooked that possibility. Both *Teague* and the amended § 2254(d)(1) are designed to ensure that state judgments are not affected by legal rules established or materially expanded after the conviction has become final. Hogan's claim depends on just such an extension, which a federal court should avoid when adjudicating a collateral attack on a criminal judgment. Hogan therefore is not entitled to a writ of habeas corpus.

AFFIRMED.