103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeffrey E. MINOR, Petitioner-Appellant
v.
Al C. PARKE,[1] Defendant-Appellee.
 No. 95-3213.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1996.*
Decided Nov. 25, 1996.
 
 Before POSNER, Chief Judge, and MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Jeffrey E. Minor filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging the habitual offender enhancement to his present sentence based on his expired state conviction for robbery. The district court denied his petition because Minor failed to show a deprivation of a federal constitutional right. For the reasons set forth below, we affirm.
 
 
 2
 Minor was convicted of child molestation and rape, and was sentenced, respectively, to two-year and ten-year terms of imprisonment. The Indiana judge found Minor to be a habitual offender and enhanced Minor's sentence by thirty years. The enhancement was based, in part, on Minor's prior conviction for robbery, a crime to which he pleaded guilty in 1981. Although Minor has already completed his sentence for the prior robbery conviction, his present habeas petition does not run afoul of the "in custody" requirement because he is now in custody pursuant to another offense and his present sentence is being enhanced on the basis of this prior conviction. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Smith v. Farley, 25 F.3d 1363, 1365 (7th Cir.1994), cert. denied, 115 S.Ct. 908 (1995).
 
 
 3
 His petition is nevertheless barred. In Smith, we explained that a state petitioner is only entitled to federal habeas review of an expired state conviction being used to enhance a current sentence if he did not have the opportunity to fully and fairly litigate his challenge to the constitutionality of the prior conviction during his sentencing hearing or in state post-conviction proceedings. Smith, 25 F.3d at 1365-70; see also Tredway v. Farley, 35 F.3d 288, 293 (7th Cir.1994), cert. denied, 115 S.Ct. 941 (1995). Minor clearly had and took this opportunity. The state trial court conducted an evidentiary hearing on his post-conviction claims and he received appellate review of the trial court's findings of fact and conclusions of law with respect to his collateral claims. Significantly, Minor acknowledges that the claims raised in his habeas petition are the identical claims he raised and that were adjudicated in his state post-conviction proceedings.[2] He thus has received all the review to which he is entitled of the constitutionality of his expired robbery conviction. See Smith, 25 F.3d at 1369.
 
 
 4
 Accordingly, we AFFIRM the judgment of the district court denying Minor's petition for a writ of habeas corpus.
 
 
 
 [1]
 Minor is confined at the Indiana State Prison where Al C. Parke is the present superintendent. Pursuant to Fed.R.App.P. 43(c) the caption has been changed to reflect this change in the name of the respondent. Also, as explained in Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir.1996), Indiana's Attorney General, Pamela Carter, is not a proper respondent, and therefore is dismissed from this action. Accordingly, her name has been removed from the caption
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 Minor states in his appellate brief that "[t]he issues raised [in Indiana] were as follows, and the record will support this claim that the issues were raised and has been properly adjudicated: MR. MINOR IS PRESENTING THE STATEMENT OF THE ISSUES AS THEY WERE PRESENTED TO THE STATE COURTS EXACTLY AS THEY WERE." (Pet.'s Traverse at 4.)