**Jeffrey DABNEY, Petitioner,**

v.

**Ron ANDERSON, Respondent.**

No. 3:99CV0577 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

March 30, 2000.

Jeffrey Dabney, Michigan City, IN, petitioner pro se.

Michael L. Parkinson, Lafayette, IN, for Jeffrey Dabney, petitioner.

Keith C. Norwalk, Indiana Attorney General, Indianapolis, IN, for Ron Anderson, respondent.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

On October 8, 1999, petitioner, Jeffrey Dabney, an inmate at the Indiana State Prison in Michigan City, Indiana (ISP), filed a petition pursuant to 28 U.S.C. § 2254. The Response filed by the Attorney General of Indiana on February 7, 2000, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). The petitioner by his appointed counsel filed a Traverse on March 7, 2000, which this court has carefully examined. This court appointed a highly experienced and competent lawyer to represent this petitioner on or about January 20, 2000. This court greatly appreciates the professional efforts of Mr. Parkinson in this regard.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. This case involves a 1996 disciplinary proceeding involving this petitioner. It is alleged that on or about October 30, 1996, this petitioner assaulted and attempted to kill Corrections Officer R. Talsma. That event triggered a Report of Conduct which led into a Conduct Adjustment Board (CAB) proceeding, the records of which have been laid before this

court in a series of exhibits presented to this court by the Attorney General of Indiana. It appears that the final action taken on this was on or about April 1997, and this petition was not filed until October 8, 1999, and this court will give this petitioner the benefit of the rule in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The question comes as to whether the petition here is timely filed under the Anti–Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996. *See Taliani v. Chrans, Warden,* 189 F.3d 597 (7th Cir. 1999). There was a one-year grace period created by judicial decision extending the time to April 23, 1997. *See Flowers v. Hanks,* 941 F.Supp. 765 (N.D.Ind.1996). This case was filed more than two years after April 23, 1997. This court cannot gainsay the application of the statute of limitations in 28 U.S.C. § 2244 where it clearly applies. Here it does.

■ Able counsel has attempted to get around the statute of limitations first by requiring it to be asserted as an affirmative defense, and secondly, arguing for a tolling. This petitioner apparently did have an outside conviction in the state court in LaPorte County, Indiana on February 11, 1999. Some argument is made that that conviction some way or other tolls the statute of limitations here. This court is hard pressed to find authority for that argument.

■ The record here also speaks to another possible issue. The sanction here included three years of disciplinary segregation, a transfer to the Maximum Control Complex, and, most importantly, a demotion from Credit Class I to Credit Class III and a loss of 612 earned credit days. Under *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the three-year segregation does not present the violation of a liberty interest. *Bonner v. Parke,* 918 F.Supp. 1264 (N.D.Ind.1996); *Henard v. Newkirk,* 987 F.Supp. 691 (N.D.Ind.1997). However, the lose of good time credit is clearly a liberty interest.

So, there has to be compliance here with *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and *Superintendent, Mass. Corr. Institution at Walpole v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). *See also McPherson v. McBride,* 188 F.3d 784 (7th Cir. 1999). Any placement in administrative segregation after the duration of the disciplinary segregation is not a violation of a liberty interest in this case since he was not in custody pursuant to his finding of guilt. *Maleng v. Cook,* 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

Apparently, this petitioner is attempting to make some species of argument under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) with regard to the conduct of the lay representative. But that is an increasingly difficult argument to make. Plaintiff's argument is that he did not have the benefit of a lay advocate, and even if he had, it would not have been adequate representation due to the severity of the charges.

The Supreme Court, in *Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), decided this very issue. The Court held that prison disciplinary proceedings are not criminal proceedings. *Id.* at 316, 96 S.Ct. 1551. Therefore, the Fifth Amendment privilege against self-incrimination does not apply. *Id.* However, an inmate may claim the privilege if the answers might incriminate him in future criminal proceedings. *Lefkowitz v. Turley,* 414 U.S. 70, 77, 94 S.Ct. 316, 38 L.Ed.2d 274 (1973). Plaintiff was notified that one of the rights listed on the Notice of Disciplinary Hearing is the right to speak at the hearing, and if one chooses to remain silent, the silence may not be held against him. So the Indiana Department of Corrections notified the plaintiff of this right. Furthermore, the plaintiff does not contend that his silence was the deciding factor in the CAB finding him guilty. The Report of Disciplinary Hearing based the finding of guilt on reports of the investigation and witness statements. No where

does it state that his silence was used against him. Also, the plaintiff does not claim that his silence at the CAB was used against him in court.

 Plaintiff argues that he should have been appointed an attorney, because even a lay advocate would have been inadequate. In *Baxter,* 425 U.S. at 315, 96 S.Ct. 1551, the court clearly refused to alter the finding in Wolff that inmates do not have a right to either retained or appointed counsel in disciplinary hearings. The Court stated that;

"Relying on *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Mathis v. United States,* 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968), both Courts of Appeals in these cases held that prison inmates are entitled to representation at prison disciplinary hearings where the charges involve conduct punishable as a crime under state law, not because of the services that counsel might render in connection with the disciplinary proceedings themselves, but because statements inmates might make at the hearings would perhaps be used in later state-court prosecutions for the same conduct.

Neither *Miranda,* supra, nor *Mathis,* supra, has any substantial bearing on the question whether counsel must be provided at "(p)rison disciplinary hearings (which) are not part of a criminal prosecution." *Wolff v. McDonnell,* supra, 418 U.S., at 556, 94 S.Ct., at 2979, 41 L.Ed.2d, at 956. The Court has never held, and we decline to do so now, that the requirements of those cases must be met to render pretrial statements admissible in other than criminal cases."

In this case, the plaintiff argues exactly what the Court discussed. He argues that because statements he might have made at the hearing could have been used later in the state court prosecution for the same conduct, that he should have been appointed an attorney. This argument must fail. Alternatively, he also states that he was not appointed a lay advocate. However,

the records of the hearing show that he did request one and that B. Williams was present as a lay advocate. This case does not speak to the competency of counsel or the lack of the same in the criminal court proceedings in LaPorte County, Indiana, and that appears to be the principal subject of *United States v. Gouveia,* 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984).

Based on all of these reasons, the timeliness and the merits, the petition for habeas corpus relief is **DENIED.**

**IT IS SO ORDERED.**